IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

Michael J. Mirras
Plaintiff

Vs.

Arrow Financial Services
Defendant

Case No.:
Trial by Jury Demanded

CV-06-PWG-0568-S

**PLAINTIFFS' STATEMENT OF CLAIM**
**STATEMENT UPON WHICH RELIEF CAN BE GRANTED**

COMES NOW the Plaintiff, Michael J. Mirras.

Plaintiff respectfully submits Plaintiffs Statement of Claim and Statement Upon Which Relief Can Be Granted.

**Statement of Claim**

The Defendant is a 3rd party debt collector as such is governed under the law by The Fair Debt Collection Practices Act 15 USC Section §1601,*et seq*. and also reports these debts to the national credit reporting agencies i.e. Trans Union, Equifax and Trans Union and Innovis. As such the Defendant is also governed under the law by The Fair Credit Reporting Act 15 USC Section §1681, *et seq*. The State of Alabama abides by and adheres to these laws. Thus establishing the jurisdiction of this honorable court. Specifically section 813[15 USC 1692k] of the FDCA and 618 [15 U.S.C. § 1681p]of the FCRA.

On or about October 2005 the Defendant entered into the Plaintiffs Trans Union Credit report claiming an alleged debt was owed to them in the amount of $521.00. The Plaintiff contacted the Defendant on October 11,2005 via US Postal Service Certified Mail Return Receipt with a letter of validation asking the Defendant to provide proof of this alleged debt.
To date the Defendant has not responded to the Plaintiffs request for proof/validation.
The Defendant has entered derogatory information into the Plaintiff's Credit report and has continually updated this information by adding unauthorized interest and late charges through today's date.
The Plaintiff has verified with Trans Union on or about November 2005 that they have confirmed that Arrow Financial has verified to them that the information is correct.

47  The Debt Collection Practices Act states a debt collector must cease collection of a
48  debt if they are asked to provide validation and must provide that validation or <u>cease
49  collection activity.</u>
50  The Defendant has not ceased collection activity by entering into the Plaintiffs credit
51  report on the following dates October 2005, November 2005, December 2005, January
52  2006, February 2006, March 2006 and has violated the Law under Fair Debt
53  Collection Practices Act 15 USC Section §1601,*et seq* and The Fair Credit Reporting
54  Act 15 USC Section §1681, *et seq* by updating and knowingly reporting erroneous
55  and damaging information to the Credit Reporting Agency Trans Union, damaging
56  the Plaintiffs Credit Standing, Reputation and the Plaintiffs Credit Report.
57  Recourse is demanded through the Law as outlined in Fair Debt Collection Practices
58  Act 15 USC Section §1601,*et seq* and Fair Credit Reporting Act 15 USC §1681, *et
59  seq*
60
61       The Plaintiff denies ever having any contractual agreement for credit, loans or
62       services relationship with the Defendant.
63       Even if the Plaintiff did have such an agreement, which the Plaintiff denies, the
64       alleged debt is not in question here as there is no proof of any alleged debt. But
65       the fact as to how it was or was not validated and wrongful actions of the
66       Defendant in an attempt to collect the alleged debt, continued collection activity
67       without proof of any alleged debt, violated the civil rights of the Plaintiff and the
68       law as outlined in the Debt Collection Practices Act, 15 USC §1601,*et seq.* and
69       the Fair Credit Reporting Act 15 USC §1681, *et seq.*
70
71  The Plaintiff requested a copy of his Credit Report from Trans Union in October
72  2005.
73
74  Upon inspection of the said report the Plaintiff observed that Arrow Financial
75  Services was listed on the Plaintiffs Trans Union credit report. Indicating a collection
76  debt due to Arrow Financial Services. Arrow Financial has never contacted the
77  Plaintiff at anytime prior to today's date with any allegations of any alleged debt.
78
79  The Plaintiff has not now or ever had any business affiliation or relationship with
80  Arrow Financial has never applied for any type of mortgage, loan, credit card or
81  insurance or employment reasons with the Defendant.
82
83  The Plaintiff contacted the Defendant by U.S. Postal Service Certified Mail Return
84  Receipt on October 4, 2005 the Defendant received the certified mailing on October
85  11, 2005 and as of this date no reply was received from the Defendant.
86
87  The Plaintiff has requested confirmation/disputed this alleged debt with Trans Union
88  on several occasions and Trans Union has confirmed that they are reporting it
89  correctly as advised to Trans Union by Arrow Financial.
90
91       The Defendant has failed to provide proof/validation of the debt and failed to
92       contact the Plaintiff within (5) five days of the Plaintiff's request for validation as
93       outlined in the DCPA/FCRA the law requires informing the Plaintiff of his rights
94       under the law and that an investigation is being performed. If the Defendant does
95       not respond to this request, as is his right, the Defendant must CEASE all

collection activity. <u>The Defendant has clearly not done this</u>. The Defendant must also inform notice of dispute to the Major Credit Reporting agencies that the alleged debt is in dispute, which the Defendant has not done. The Defendant has continued collection activities by updating the Plaintiffs credit report prior to validating the alleged debt, has added unauthorized charges and fees to the alleged account and is visible in the Plaintiffs credit report on the alleged amount owed prior to validation proof of the alleged debt. The defendant has violated the law under the Debt Collection Practices Act, 15 USC §1601,*et seq.* and the Fair Credit Reporting Act 15 USC §1681, *et seq.*

Plaintiff invokes his right to this action under the following sections of the FCRA Fair Credit Reporting Act, §617. Civil liability for negligent noncompliance [15 U.S.C. § 1681o] and under the DCPA § 813. Civil liability [15 USC §1692k]

   As follows:
   **Count I under the Fair Debt Collection Practices Act**
**Failure to Validate the Debt, Failure to Notify the Plaintiff of his rights after initial contact with the Defendant. Defendant has failed to provide the following information once contacted by the Plaintiff and by forwarding the alleged information to the Credit Reporting Agencies has violated this section of the DCPA**
**§ 809. Validation of debts [15 USC 1692g]**
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the debt</u>, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**Count II through VI under the DCPA**
Continued collection activity prior to providing validation of the alleged debt to the Plaintiff. § 809. Validation of debts [15 USC 1692g](b)
(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, <u>the debt collector shall cease collection of the debt</u>, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

**The Defendant has updated on a monthly bases to the Credit Reporting Agencies prior to providing Validation of the alleged debt to the Plaintiff one count for each of the following months, October 2005, November 2005, December 2005, January 2006, February 2006, March 2006 and through today.**

**Count VII through XI** under the DCPA
Adding unauthorized costs § 808. Unfair practices [15 USC §1692f] Continued collection activity prior to providing validation of the alleged debt to the Plaintiff by adding/reporting unauthorized costs and fees to the Plaintiff's Credit report through the National Credit Reporting agencies every month for five months, total of five counts for each month the alleged debt/account had unauthorized costs and interest updated. Original amount claimed in October 2005 $521.00 to amount claimed as of today $815.00
**Adding additional unauthorized interest and fees to the Credit Report prior to validation of the alleged debt to the Plaintiff by updating to the National Credit Reporting Agencies, October 2005, November 2005, December 2005, January 2006, February 2006, March 2006.**

§ 808. Unfair practices [15 USC §1692f]
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

  (1) <u>The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.</u>

**The defendant has not produced any document contract or agreement authorizing these charges to the Plaintiff.**

Plaintiff re-alleges the allegations set forth in lines 1 through 183 hereinabove

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**Count XII through XVI**
According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]:

190  (a) <u>Duty of furnishers</u> of information to provide accurate information.
191  (1) Prohibition.
192  (A) Reporting information with actual knowledge of errors. A person shall not furnish
193      any information relating to a consumer to any consumer-reporting agency if the
194      person knows or consciously avoids knowing that the information is inaccurate.
195
196      **October 2005, November 2005, December 2005, January 2006, February**
197      **2006, March 2006 and through today. Five counts the defendant has**
198      **furnished inaccurate information to the Credit Reporting Agencies**
199
200  **Count XVII through XXI**
201  (B) Reporting information after notice and confirmation of errors. A person shall not
202  furnish information relating to a consumer to any consumer-reporting agency if
203  (i) <u>the person has been notified by the consumer, at the address specified by the</u>
204  <u>person for such notices, that specific information is inaccurate</u>; and
205  (ii) the information is, in fact, inaccurate.
206  (2) Duty to correct and update information. A person who
207  (A) regularly and in the ordinary course of business furnishes information to one or
208  more consumer reporting agencies about the person's transactions or experiences with
209  any consumer; and
210  (B) has furnished to a consumer reporting agency information that the person
211      determines is not complete or accurate, shall promptly notify the consumer
212      reporting agency of that determination and provide to the agency any corrections
213      to that information, or any additional information, that is necessary to make the
214      information provided by the person to the agency complete and accurate, and
215      shall not thereafter furnish to the agency any of the information that remains not
216      complete or accurate.
217
218      **October 2005, November 2005, December 2005, January 2006, February**
219      **2006, March 2006 and through today. Five counts Plaintiff notified the**
220      **Defendant on October 11, 2005 that the alleged debt is in dispute and has**
221      **informed Defendant of same. Defendant has updated/reported to the Credit**
222      **Reporting Agencies every month as indicated prior to providing proof of**
223      **their claim to alleged debt.**
224
225  **Counts XXII through XVI**
226  (3) <u>Duty to provide notice of dispute</u>. If the completeness or accuracy of any
227  information furnished by any person to any consumer reporting agency is disputed to
228  such person by a consumer, the person may not furnish the information to any
229  consumer reporting agency without notice that such information is disputed by the
230  consumer.
231
232  (b) Duties of furnishers of information upon notice of dispute.
233  (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a
234  dispute with regard to the completeness or accuracy of any information provided by a
235  person to a consumer reporting agency, the person shall
236
237  (A) conduct an investigation with respect to the disputed information;

238 (B) review all relevant information provided by the consumer reporting agency
239 pursuant to section 611(a)(2) [§ 1681i];
240 (C) report the results of the investigation to the consumer reporting agency; and
241 (D) if the investigation finds that the information is incomplete or inaccurate, report
242 those results to all other consumer reporting agencies to which the person furnished
243 the information and that compile and maintain files on consumers on a nationwide
244 basis.
245 (2) Deadline. A person shall complete all investigations, reviews, and reports required
246 under paragraph (1) regarding information provided by the person to a consumer
247 reporting agency, before the expiration of the period under section 611(a)(1) [§
248 1681i] within which the consumer reporting agency is required to complete actions
249 required by that section regarding that information.
250
251      October 2005, November 2005, December 2005, January 2006, February
252      2006 and through today. Five counts Plaintiff has notified on October 11,
253      2005 that the alleged debt is in dispute and has informed Defendant of
254      same.
255 **The information from Arrow Financial Services on the Trans Union credit**
256 **report of Plaintiff does not reflect that the information is disputed by the**
257 **consumer.**
258
259 Plaintiff invokes his right to bring this action under the following sections of the
260 FCRA
261 According to the Fair Credit Reporting Act, 616. Civil liability for willful
262 noncompliance **[15 U.S.C. § 1681n]**, (a) In general. Any person who willfully fails to
263 comply with any requirement imposed under this title with respect to any consumer is
264 liable to that consumer in an amount equal to the sum of (1) (A) any actual damages
265 sustained by the consumer as a result of the failure or damages of not less than $100
266 and not more than $1,000, (2) such amount of punitive damages as the court may
267 allow; and (3) in the case of any successful action to enforce any liability under this
268 section, the costs of the action together with reasonable attorney's fees as determined
269 by the court.
270
271 Plaintiff has a negative Trans Union credit score as of this date and has been denied
272 credit at reasonable rates because of the willful noncompliance actions and/or
273 inaction's of the defendant. The defendant has injured the Plaintiffs credit rating,
274 report and credit worthiness and reputation.
275
276 According to the Fair Credit Reporting Act, 617. Civil liability for negligent
277 noncompliance **[15 U.S.C. § 1681o]**
278 (a) In general. Any person who is negligent in failing to comply with any requirement
279 imposed under this title with respect to any consumer is liable to that consumer in an
280 amount equal to the sum of
281 (1) any actual damages sustained by the consumer as a result of the failure;
282
283 (2) in the case of any successful action to enforce any liability under this section, the
284 costs of the action together with reasonable attorney's fees as determined by the court.
285
286 Plaintiff re-alleges the allegations set forth in lines 1 through 285 hereinabove

Plaintiff has a negative Trans Union credit score as of this date and has been denied credit at reasonable rates because of the negligent noncompliance actions and/or inaction of the defendants.

THEREFORE Plaintiff requests judgment against Defendant for all counts of $1,000 per count plus costs and fees and punitive damages as allowed by the Court.

WHEREFORE, the Defendant has violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act, Plaintiff demands judgment in the amount of $16,000.00 for all combined counts plus all costs of this action along with punitive damages in the amount of $125,000.00

Respectfully submitted the 23rd day of March 2006.

Michael J. Mirras, Plaintiff
12484 Windy Ridge Drive
McCalla, AL. 35111
(205) 938-1982